IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DR. HAROON RANDHAWA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-3271 |
| ) | |
| ROBERT S. MUELLER, III ) | |
| DIRECTOR, FEDERAL BUREAU ) | |
| OF INVESTIGATIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Motion for Summary Judgment (d/e 4) ("Defendants' Motion"). Plaintiff Dr. Haroon Randhawa is a legal resident alien of the United States. He applied for permanent resident status on February 6, 2006, and he is waiting for his application to be processed. He brought this action pursuant to the Administrative Procedures Act (APA) and the Mandamus Act to force Defendants to process his application. The Defendants now seek summary judgment. For the reasons set forth below, the Defendants' Motion is allowed.

1

STATEMENT OF FACTS

Plaintiff, Dr. Haroon Randhawa, is a citizen of Pakistan who resides in Springfield, Illinois. <u>Complaint for Declaratory Judgment and Petition for Writ of Mandamus</u> (d/e 1) ("<u>Complaint</u>") at 2. Dr. Randhawa filed an I-485 Application to Register Permanent Residence or Adjust Status ("I-485") on February 6, 2006. <u>Complaint</u>, Exhibit "3". He also has two pending requests for H-1B extensions to allow him to maintain his non-immigrant status while waiting adjudication of his I-485 application. <u>Complaint</u> at 6.

On June 30, 2006, an inquiry was made into the status of Dr. Randhawa's application. <u>Complaint</u> at 5. On July 31, 2006, Dr. Randhawa received a letter from the United States Citizenship and Immigration Services ("USCIS") stating they were actively processing his case. The USCIS informed Randhawa they were required to perform an additional review on Dr. Randhawa's application and it would require additional time. <u>Complaint</u>, Exhibit "6".

A few months later, two closeout requests were sent to USCIS dated November 20, 2006, and January 4, 2007, respectively. <u>Complaint</u>, Exhibit "7 & 8". The USCIS responded with a letter on January 26, 2007, stating

2

"This review can take an unspecified amount of time. There is no time estimate for how long this review will take." Complaint, Exhibit "9".

On January 15, 2008, the Nebraska Service Center ("NSC") for the USCIS transferred Dr. Randhawa's application to the National Benefits Center ("NBC") in Lee's Summit, Missouri. Defendants' Motion, Exhibit "A", Declaration of Mark A. Rohrs ("Rohrs Declaration") at 2. The NSC requested the NBC expedite the transfer of the file to Chicago, Illinois. When NBC transfers the file to Chicago, an interview notice for the I-485 will automatically be generated and Dr. Randhawa will be required to appear. Rohrs Declaration at 2.

## ANALYSIS

At summary judgment, the Defendants must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986). The Court must consider the evidence presented in the light most favorable to the nonmoving party. Any doubt as to the existence of a genuine issue for trial is resolved in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the defendants have produced evidence showing they are entitled to summary judgment, the plaintiff must present evidence to show

3

that issues of fact remain.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On January 28, 2008, Defendants filed a Motion for Summary Judgment.  Since then, the Court has allowed the Plaintiff three extensions to file a response (Text Orders entered 2/4/08, 3/4/08 & 4/1/08).  The last extension ended on April 30, 2008.  The Plaintiff failed to file a response.  The Plaintiff's failure to respond is deemed an admission of the Motion.  Local Rule 7.1(D)(2).

Dr. Randhawa has brought multiple claims alleging the application process has violated the Administrative Procedures Act, the law of Mandamus, and Randhawa's Constitutional rights.  All of these claims relate to Dr. Randhawa's I-485 application process.  Defendants, United States Citizenship and Immigration Services (USCIS) and Federal Bureau of Investigations (FBI) (collectively, the Agencies), are responsible for processing Randhawa's application.  The Agencies are permitted discretion in determining how to process applications, including the order in which to process numerous pending applications; however, the Agencies cannot simply refuse to perform their assigned duties.  Alkenani v. Barrows, 356 F.Supp.2d 652, 656-57 (N.D. Tex. 2005); Singh v. Still,470 F.Supp.2d

1064, 1067 (N.D. Cal. 2006); <u>Gelfer v. Chertoff</u>, 2007 WL 902382, at 2 (N.D. Cal., March 22, 2007); <u>Aboushaban v. Mueller</u>, 2006 WL 3041086, at 2 (N.D. Cal., October 24, 2006). The Court lacks jurisdiction to review the exercise of discretion by the Agencies, but it can enjoin the Agencies from refusing to perform their assigned duties. 8 U.S.C. §1252(a)(2)(B); <u>Liu v. Chertoff</u>, 2007 WL 2893656 at 1 (C.D. Ill., September 28, 2007).

While it may be slow, based upon the evidence presented in the Defendants' Motion, the Agencies have used normal protocol to handle Dr. Randhawa's application. Except for the completion of an in-person interview, which will be automatically scheduled when the application arrives in Chicago, Dr. Randhawa's application is complete. The USCIS is exercising its discretion to conduct the in-person interview. Further, the evidence shows that the USCIS is not simply refusing to conduct Dr. Randhawa's interview. Because the USCIS is using its discretion in scheduling interviews and processing applications, this Court lacks jurisdiction to review the USCIS's exercise of its discretion. 8 U.S.C. 1252(a)(2)(B). Since Plaintiff's claims are all directed toward the application process and because the Court lacks jurisdiction under 8 U.S.C. 1252(a)(2)(B), all claims are dismissed for this reason. Because no issues

of fact remain, the Defendants are entitled to summary judgment.

IT IS THEREFORE SO ORDERED.

ENTER:   May 28, 2008

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
            UNITED STATES DISTRICT JUDGE